IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG -1 AM 10: 32

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN, MEMPHIS

```
MACK TRANSOU,                    X
                                 X
        Plaintiff,               X
                                 X
vs.                              X     No. 04-3031-Ma/An
                                 X
TENNESSEE DEPARTMENT OF          X
CORRECTION, et al.,              X
                                 X
        Defendants.              X
                                 X
```

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Mack Transou, an inmate at the South Central
Correctional Center (SCCC)[1], in Clifton, Tennessee, who was
formerly confined at the West Tennessee State Penitentiary (WTSP),
has filed a complaint under 42 U.S.C. § 1983.  The Clerk of Court
shall file the case and record the defendants as the Tennessee
Department of Correction (TDOC), David Mills, Teresa Patterson,
Jean Simonton, and Rhonda Mullins.  Transou included the address
for the defendants at the WTSP in the heading of the complaint.
The WTSP has been erroneously recorded as a defendant.  The Clerk

---

[1]     The word prison is used in this order to refer to all places of
confinement or incarceration, including jails, penal farms, detention and
classification facilities, or halfway houses.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-1-05



shall delete all references to the WTSP as a defendant from the docket.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).  The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

    1)    the average monthly deposits, and
    2)    the average monthly balance

for the six months prior to submission of the complaint, and

    3)    the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order.  It is ORDERED that within thirty (30) days of the entry of this order plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.

Plaintiff shall pay an initial partial filing fee. When plaintiff's account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 242 Federal Building, 167 N. Main, Memphis, TN 38103

3

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

Plaintiff sues the TDOC, WTSP Warden David Mills, and WTSP Nurses Teresa Patterson, Jean Simonton, and Rhonda Mullins alleging that his constitutional rights were violated by the defendants, who utilized a statute enacted in 1999 to obtain samples of his blood during his confinement at the WTSP. Transou alleges that blood samples were collected in violation of his rights against unreasonable searches and seizures. He further alleges that the blood samples were the sole evidence to sustain two Madison County Criminal Court rape convictions.

4

The suppression of the DNA evidence was raised on direct appeal of plaintiff's convictions. The Tennessee Court of Criminal Appeals ruled that plaintiff's suppression motions were properly denied in both cases and affirmed his convictions. See State v. Transou, No. W2004-01475-CCA-R3-CD, 2005 WL 1541859 (Tenn. Ct. Crim. App. June 30, 2005); State v. Transou, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345 (Tenn. Ct. Crim. App. May 13, 2005).

Transou contends that the rulings of the trial court were in error and that the defendant nurses testified that they did not actually see plaintiff sign the consent forms. Transou seeks an order from this Court which directs the blood samples be destroyed and determines that the statute was improperly applied. He also seeks "relief" for "emotional distress."

Plaintiff has no claim under § 1983 arising out of his conviction or confinement.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against

the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(footnotes omitted). Thus a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is ended in his favor, or an existing conviction is set aside or the confinement is declared illegal. Id. at 481-82; Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995). Cf. Preiser v. Rodriguez, 411 U.S. 474, 500 (1973)(whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint). Here, Heck applies to bar plaintiff's claims. Any claims which plaintiff may possess will not accrue until his conviction is overturned on direct appeal or via collateral attack.

Furthermore, to the extent Transou seeks an order countermanding the ruling of the Tennessee courts, he may not attack those proceedings in this federal district court.

> United States district courts . . . do not have jurisdiction[] over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short,

6

"[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Regardless of what relief plaintiff has sought from the Tennessee courts, he cannot obtain an order from this Court directing those courts to take any action on his behalf.

> [F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

The Court declines to construe the complaint as seeking habeas relief, because Transou has clearly not exhausted his state remedies. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987)(clarifying scope of § 2254 exhaustion requirement); Rose v. Lundy, 455 U.S. 509, 519 (1982)(applying § 2254 exhaustion requirement to mixed petitions); Norton v. Parke, 892 F.2d 476, 478 n.5 (6th Cir. 1989)(enunciating judicially created exhaustion requirement for seeking § 2241 relief); Dickerson v. State of La., 816 F.2d 220, 225 (5th Cir. 1987)(same) Atkins v. State of Michigan, 644 F.2d 543, 546 n.1 (6th Cir. 1981)(same). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser, 411 U.S. at 477, 489-90.

Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994). Here, Transou may seek state post-conviction relief. Accordingly, his claims are clearly unexhausted and it would be pointless to construe the complaint as a habeas petition.

Accordingly, this complaint seeks to assert claims which fail to state a claim upon which relief may be granted and claims lacking an arguable basis either in law or in fact, and is frivolous. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

As the complaint fails to state a claim and is frivolous, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit

8

to support an appeal <u>in forma pauperis</u>.  <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.  The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997).  <u>McGore</u> sets out specific procedures for implementing the PLRA.  Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases as frivolous.

IT IS SO ORDERED this __29th__ day of July, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-03031 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Mack Transou
SOUTH CENTRAL CORRECTIONAL CENTER
P.O. Box 279
Clifton, TN 38425

Honorable Samuel Mays
US DISTRICT COURT